CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

AUG 14 2014

JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| JOHN DONOHUE, | ) | CASE NO. 7:14CV00338 |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | MEMORANDUM OPINION |
| | ) | |
| | ) | |
| RANDALL C. MATHENA, ET AL., | ) | By: Glen E. Conrad |
| | ) | Chief United States District Judge |
| Defendants. | ) | |

John Donohue, a Virginia inmate proceeding pro se, filed this civil rights action pursuant to 42 U.S.C. § 1983, alleging that the defendant prison officials falsely charged and convicted him of a disciplinary infraction, upheld the charge on appeal, and penalized him, in violation of his due process rights. Upon review of the record, the court finds that the action must be summarily dismissed.

## Background

Donohue states that he is in long-term, segregated confinement at Red Onion State Prison. Donohue alleges that on October 29, 2013, Officer Rose wrote a disciplinary charge against him for threatening to throw bodily waste on Rose. The officer reported that Donohue swore at him and said, "Officer Rose, I have shit for you to taste and I'm going to throw it all over you."[1] (ECF No. 1-2, at 3.) At the hearing, Donohue pointed out that he has had no similar charges in the past and denied that he had made the statement or even talked to Rose. Hearing Officer Mullins found Donohue guilty of the offense, based on Rose's statement, and penalized

---

[1] Donohue asserts that he had previously named Rose as a defendant in another lawsuit in this court and that Rose, to retaliate against him for that lawsuit, falsely accused him of the disciplinary infraction. Such conclusory allegations of retaliation are not actionable and do not warrant further development. See Adams v. Rice, 40 F.3d 72, 74 (4th Cir. 1994).

Donohue with the loss of telephone privileges for 90 days, from June 27 to September 24, 2014. The conviction and penalty were affirmed on appeal.

Donohue sues the officers who brought the charge, served the charge, conducted the hearing, made statements used to convict Donohue, or upheld the conviction and penalty on appeal. As relief, Donohue seeks to have the conviction expunged and to collect monetary damages for these alleged due process violations.

## Discussion

The court is required to dismiss any action or claim filed by a prisoner against a governmental entity or officer if the court determines the action or claim is frivolous, malicious, or fails to state a claim on which relief may be granted. 28 U.S.C. § 1915A(b)(1). A "frivolous" claim is one that "lacks an arguable basis either in law or in fact," because it is "based on an indisputably meritless legal theory" or on "factual contentions [which] are clearly baseless." Neitzke v. Williams, 490 U.S. 319, 325, 327 (1989) (interpreting "frivolous" in former version of 28 U.S.C. § 1915(d)). To state a cause of action under § 1983, "a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988) (citations omitted).

To prevail on a procedural due process claim, an inmate must first demonstrate that he was deprived of "life, liberty, or property" by governmental action. Beverati v. Smith, 120 F.3d 500, 502 (4th Cir. 1997). Although prisoners are afforded some due process rights while incarcerated, those liberty interests are limited to "the freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force, nonetheless imposes atypical and significant hardship on the

2

inmate in relation to the ordinary incidents of prison life." Sandin v. Conner, 515 U.S. 472, 484 (1995). Changes "in a prisoner's location, variations of daily routine, changes in conditions of confinement (including administrative segregation), and the denial of privileges [are] matters which every prisoner can anticipate [and which] are contemplated by his original sentence to prison." Gaston v. Taylor, 946 F.2d 340, 343 (4th Cir.1991). A state's failure to abide by its own procedural regulations is not a federal due process issue, Riccio v. County of Fairfax, Va., 907 F.2d 1459, 1469 (4th Cir.1990), and is, therefore, not actionable under § 1983. Under these principles, the court finds that Donohue's due process claim must be summarily dismissed as legally frivolous.

First, even a false disciplinary charge by itself does not deprive the inmate of due process, if he is thereafter provided with notice and a hearing. See Freeman v. Rideout, 808 F.2d 949, 952-53 (2d Cir. 1986) (finding "the mere filing of [a false] charge itself" does not constitute a cognizable claim under § 1983 if the inmate "was granted a hearing, and had the opportunity to rebut the unfounded or false charges"). Therefore, Donohue has no separate § 1983 claim against Rose for bringing the disciplinary charge.

Second, Donohue fails to demonstrate that he had any federal due process rights related to these disciplinary proceedings. At the most, Donohue's disciplinary penalty in this case involved a temporary loss of telephone privileges. Losing privileges occasionally is an expected condition of his confinement, rather than the type of atypical hardship required to create a liberty interest that would trigger federal due process protections under the rubric in Sandin. As Donohue's allegations do not document the loss of any liberty interest in avoiding the penalty he received, he is unable to prove any federal constitutional right to any particular procedural protection before imposition of that penalty. Defendants' alleged violations of state procedural

3

rules during the disciplinary proceedings and appeals do not support a § 1983 claim, <u>Riccio</u>, <u>supra</u>, and the court declines to exercise supplemental jurisdiction over any claim Donohue may be attempting under state law. <u>See</u> 28 U.S.C. § 1367(c).

### **Conclusion**

For the stated reasons, the court summarily dismisses the entire action without prejudice, pursuant to § 1915A(b)(1), as legally frivolous. An appropriate order will issue this day. The clerk is directed to send copies of this memorandum opinion and accompanying order to plaintiff.

ENTER: This 14th day of August, 2014.

*/s/ [signature]*
Chief United States District Judge

4